# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**MARCELLUS DWAIN WILLIAMS,**

    **Plaintiff,**

v.                                                               Case No. 3:17-cv-04253

**WEST VIRGINIA REGIONAL**
**JAIL AUTHORITY; and**
**WESTERN REGIONAL JAIL,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Marcellus Dwain Williams's ("Williams") Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Williams's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). The Court hereby **GRANTS** the Application. The Court notes that Williams has only a minimal balance in his prison account; therefore, he shall not be required to pay an initial partial filing fee, but is hereby **ORDERED** to make monthly payments equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. The first payment shall be made on or before **December 5, 2017** and the subsequent payments shall be due on the fifth day of each month thereafter. The Western Regional Jail, or any other agency having custody of Williams, shall forward payments from his prisoner account to the Clerk of Court each time the amount in his prisoner account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is further **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall

be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Williams and shall pay the balance to the him, if any.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Williams's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Williams sues under 42 U.S.C. § 1983. In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that ***a person*** was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694. Here, Williams has only named the West Virginia Regional Jail Authority and the Western Regional Jail as defendants. Neither the Jail Authority, nor the Jail, is a "person" subject to liability under 42 U.S.C. § 1983.

To the extent Williams claims that a person (or persons) acting under color of state law violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals and to state precisely what civil or constitutional right each individual violated. Williams is advised that he must state allegations amounting to a constitutional or civil rights violation by each named defendant. If Williams is unaware of the names of the relevant individuals, he shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) **and shall further identify** each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. If Williams knows only partial names, he shall include those parts (e.g. Correctional Officer Michael LKU ('last name unknown")).

Finally, in the Complaint, Williams describes a "slip and fall" incident that occurred while he was working in the kitchen at the Western Regional Jail. The mere fact that such an incident occurred, without more, is insufficient to state a constitutional claim under 42 U.S.C. § 1983. A run-of-the-mill slip and fall case involving two citizens of the the same State is generally filed in State court or in the State's Court of Claims, **but not** in federal court. Based on the current allegations, Williams's complaint is subject to dismissal for failure to state a claim and/or for lack of jurisdiction. Plaintiff should note that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to the Court's docket, Williams has filed three *pro se* lawsuits in this Court in the past three months, and in all three, he has requested to proceed without prepayment of fees or costs. If all three of these cases are dismissed for any of the reasons set forth above, Williams shall be barred from filing *any* other cases *in forma pauperis* unless he is in **imminent** danger of **serious physical** injury. Therefore, Williams may wish to carefully review the three cases he has filed and determine whether he wishes to proceed with all three actions. If Williams wishes to voluntarily dismiss any of the pending actions, he shall file a motion for voluntary dismissal with the Clerk of Court. However, in the event Williams decides to proceed with this civil action, he is **ORDERED** to amend his Complaint as indicated within **thirty days** of the date of this Order. Williams is hereby given notice that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim/and or lack of jurisdiction under 42 U.S.C. § 1983.

**Williams is also reminded of his obligation to promptly notify the Clerk of Court of any change in his address.**

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** November 6, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge